IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE LEE CONNER, :
:
    Petitioner. :
:
vs. : CIVIL ACTION 16-00273-CB-M
:
CYNTHIA D. STEWART, :
:
    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. Gen.L.R. 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, Cynthia D. Stewart, and against Petitioner, Willie Lee Conner. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree robbery in the Baldwin Count Circuit Court on April 9, 2013 for which he was

sentenced to life in the penitentiary under the State habitual offender laws (Doc. 6, pp. 1-2; *cf.* Doc. 1, p. 2). Appeal was made to the Court of Criminal Appeals of Alabama but it affirmed the conviction and sentence (Doc. 1, p. 3; *accord* Doc. 6, p. 2). The Alabama Supreme Court denied Conner's petition for writ of *certiorari* (Doc. 6, Exhibit I). *Ex parte Conner*, 165 So.3d 556 (Ala. 2014).

On October 28, 2014, Conner filed a State Rule 32 petition that was denied (Doc. 6, Exhibit J, pp. 5-38, 53). The Alabama Court of Criminal Appeals denied Petitioner's appeal (Doc. 6, Exhibit N). The Alabama Supreme Court denied *certiorari* (Doc. 6, Exhibit S).

Petitioner filed a complaint with this Court on June 7, 2016, claiming his trial attorney rendered ineffective assistance (Doc. 1). More specifically, Conner asserts that his trial attorney rendered ineffective assistance in that he (1) did not challenge the sufficiency of the evidence in his first-degree robbery conviction and (2) denied him the right to confront his accuser (Doc. 1). Respondent has answered the Petition, asserting that this claim is without merit (Doc. 6).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance

claim:

> First, the defendant must show that
> counsel's performance was deficient. This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment. Second, the defendant
> must show that the deficient performance
> prejudiced the defense. This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable. Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id.* at 687.

Conner first claims that his Attorney was ineffective because he did not challenge the sufficiency of the evidence that convicted him (Doc. 1, pp. 19-29). Petitioner relies on dissenting opinions written by Chief Justice Moore in the Alabama Supreme Court's denial of *certiorari* on direct appeal and in the Rule 32 petition (*see* Doc. 6, Exhibit I, pp. 11-26 and Exhibit S, pp. 3-12). The facts before the jury, as presented by Justice Moore, were as follows:

> On July 5, 2012, a cashier at a Lowe's home-
> improvement store in Foley informed Alvin
> Barnard, a loss-prevention manager at the
> store, that he had seen a man leave the
> store and it "looked like he had something
> in his pants." Later that day the cashier

3

> informed Barnard that the same man,
> subsequently identified as Conner, was back
> in the store. Barnard viewed Conner on the
> store's video-surveillance system and saw
> him take a roofing nailer from a shelf in
> the tool department, place it down the front
> of his pants, and leave the store without
> paying for the roofing nailer.
>
> Barnard and a colleague followed
> Conner, stopped him, identified themselves
> as loss-prevention managers, and asked
> Conner to come back into the store. Once
> inside the store, Conner said "I have a gun"
> and stuck his hand in his right front pants
> pocket. Perceiving Conner's statement and
> movement as a threat of physical harm,
> Barnard wrestled Conner to the ground and
> subdued him. Barnard then searched Conner's
> pockets, finding only a folding knife, which
> he removed. Conner also surrendered the
> nailer to Barnard. Without resisting,
> Conner allowed Barnard to escort him to the
> security office, where he signed a statement
> admitting the theft.
>
> After a Foley police officer arrived,
> Conner told the officer that he had not
> intended to resist Barnard but had lost his
> balance because of the weight of the nailer
> in his pants. He admitted that he had said
> he had a gun but stated that he was
> referring to the nailer as a "nail gun."
> Barnard and the police officer testified for
> the prosecution at trial. The defense
> rested without calling any witnesses. The
> trial court charged the jury on first-degree
> robbery and the lesser-included offenses of
> third-degree robbery and third-degree theft
> of property. The jury returned a verdict
> finding Conner guilty of first degree
> robbery as charged in the indictment.

*Ex parte Conner*, 165 So.3d at 559 (Moore, C.J., dissenting).

Alabama defines first-degree robbery as follows:

> (a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he
>     (1) Is armed with a deadly weapon or dangerous instrument; or
>     (2) Causes serious physical injury to another.
> (b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
> (c) Robbery in the first degree is a Class A felony.

Ala. Code § 13A-8-41. The code section referenced above is the statutory definition of third degree robbery, defined as such:

> A person commits the crime of robbery in the third degree if in the course of committing a theft he:
>     (1) Used force against the person of the owner of any person present with intent to overcome his physical resistance or physical power of resistance; or
>     (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43. Alabama Courts instruct us as well:

> The law is well settled that it is not necessary to prove that the defendant displayed a weapon during a robbery or that

5

> he actually had a weapon to sustain a
> conviction of robbery in the first degree.
> *Stewart v. State*, 443 So.2d 1362 (Ala.
> Crim. App. 1983); *Miller v. State*, 431 So.2d
> 586 (Ala. Crim. App. 1983); *James v. State*,
> 405 So.2d 71 (Ala. Crim. App. 1981). In
> order to sustain a conviction for first
> degree robbery, the accused need only
> represent *in some manner* that he has a
> deadly weapon or instrumentality. *James*.
> Thus, the test to be applied is a subjective
> one which focuses on the victim's reaction
> to the threats of the robber. *Breedlove v.
> State*, 482 So.2d 1277 (Ala. Crim. App.
> 1985).

*Bennett v. State*, 584 So.2d 869, 870 (Ala. Crim. App. 1990).

The undersigned notes again that Conner claims that his trial attorney rendered ineffective assistance in not raising a sufficiency of the evidence claim. On habeas review, this Court does not decide whether Petitioner is guilty or innocent. The evidence was constitutionally adequate if there was evidence presented at the trial from which a reasonable trier of fact could find Petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). This Court further notes that all conflicts in the evidence are resolved in favor of the prosecution. *Id*.

The undersigned finds that the evidence at trial, as told by Justice Moore, satisfies *Jackson* because a reasonable jury could have found that Barnard subjectively believed Conner when he said he had a gun. Petitioner has not denied in this

6

petition that he made the statement, but asserts he was referring to the nail gun; he also stated he was reaching into his pants pocket because of the nail gun's weight (*see* Doc. 1, p. 40). Even accepting Conner's statement as true, under *Bennett*, it does not matter that Conner did not have a gun because he said he had one. Under Justice Moore's version of the facts, "[p]erceiving Conner's statement and movement as a threat of physical harm, Barnard wrestled Conner to the ground and subdued him." *Ex parte Conner*, 165 So.3d at 559. The undersigned finds that, under *Bennett*, the language of the statute has been satisfied:

> (a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he
>     (1) Is armed with a deadly weapon or dangerous instrument; ~~or~~
>     ~~(2) Causes serious physical injury to another.~~
> (b) ~~Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or~~ any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.

Ala. Code § 13A-8-41(a) and (b). The undersigned also found that the requirements of robbery third degree have been met:

7

> A person commits the crime of robbery
> in the third degree if in the course of
> committing a theft he:
> ~~(1) Used force against the person of
> the owner of any person present with intent
> to overcome his physical resistance or
> physical power of resistance; or~~
> (2) Threatens the imminent use of force
> against the person of the owner or any
> person present with intent to compel
> acquiescence to the taking of or escaping
> with the property.

Ala. Code § 13A-8-43.

So even though a conviction did not require their presence, Conner had a folding knife and a nail gun that unbalanced him. The jury saw the knife and nail gun, believed the testimony presented, and chose from a range of verdicts to convict Petitioner of first degree robbery.

The undersigned finds that the trial evidence reasonably led the jury to find Petitioner guilty of first-degree robbery beyond a reasonable doubt under *Jackson*. Though Justice Moore argues that its State Court decisions are wrong, *Ex parte Conner*, 165 So.2d at 561-63, they are, nevertheless, Alabama's law. The undersigned finds Conner has not demonstrated that his Attorney was deficient in not challenging evidence as insufficient when State law holds otherwise. This particular ineffective assistance of counsel claim is without merit.

Conner also claims his attorney rendered ineffective

assistance by denying him the right to confront an accuser, Jennifer Byers, by not calling her as a witness; Conner asserts irreconcilable differences between Byers' testimony and the other evidence (Doc. 1, pp. 30-35). Petitioner also asserts his Attorney should have included him in the decision not to call the witness.

The undersigned notes that the Sixth Amendment provides, in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI.

Plaintiff's Trial Attorney, in an affidavit prepared for the Rule 32 hearing, defended his decision to not call Byers:

> I was informed that Ms. Jennifer Bryers was not going to be called as a witness at Mr. Connor's trial the Friday preceding his trial on Monday. I filed a "Motion to Suppress" any statements, or evidence from or about Ms. Bryers concerning the incident giving rise [sic] the pending charges against Mr. Connor. The court held a hearing on the motion prior to the commencement of the trial and out of hearing and view of the jury. The Court granted the motion as a Motion in Limine and informed the State they could not use or refer to Ms. Bryers' statements during the trial. No statements or evidence was presented that Mr. Connor took a knife out of his pocket or attempted to take a knife out of his pocket during the trial; however, there was a mention of a cell phone found on the floor after the struggle during the trial. The States witness mentioned that Ms. Byers had

9

>               been present and participated in the
>               struggle with Mr. Conner in store, but did
>               not mention her statements or any accusation
>               which might have been made by her.

(Doc. 1, p. 62, Lowell Aff.). The Appellate Court held that the Attorney's decision to suppress Byers's statement was reasonable trial strategy, and not ineffective assistance, stating:

>               [A]side from his bare allegation that his
>               defense was prejudiced by counsel's failure
>               to call Byers to testify at trial because
>               her testimony would have allegedly impeached
>               Barnard, Conner offered no facts indicating
>               what Byers's testimony would have been or
>               how Byers's testimony would have impeached
>               Barnard as he claims. In fact, the exhibits
>               that Conner attached to his petition
>               indicate that both Byers's statements and
>               Barnard's statements about the incident were
>               the same. Therefore, Conner has not shown
>               that trial counsel's performance was outside
>               of the "wide range of reasonable
>               professional assistance," *Strickland*, 466
>               U.S. at 689, nor has he shown that there is
>               a reasonable probability that, if counsel
>               had ensured Byers testified or that her
>               statements were entered into evidence, the
>               result of the trial would have been
>               different. Accordingly, this issue does not
>               entitle Conner to any relief.

(Doc. 6, Exhibit N, pp. 4-5).

The undersigned has reviewed Petitioner's arguments and finds, like the Alabama Criminal Court's assessment above, that Conner has not demonstrated irreconcilable differences between Byers's and Barnard's testimony. The undersigned has reviewed

10

the two affidavits, finding Barnard's barely decipherable and Byers's expressing strong evidence of guilt (s*ee* Doc. 1, p. 37; *see generally*, pp. 37-40) ("[Conner] then began to resist, swinging his arms violently, and stated several times that he had a gun; . . . [he also had] a silver 4" pocket knife on his person").

The undersigned finds that Conner's Attorney's decision not to call Byers as a witness was good, tactical strategy and that Petitioner has not demonstrated that his Attorney was deficient in representing him. *See Caderno v. U.S.*, 256 F.3d 1213, 1217 (11th Cir. 2001), *cert. denied*, 534 U.S. 1167 (2002) ("There is a strong presumption that counsel's performance was reasonable and adequate, with great deference shown to choices dictated by reasonable trial strategy"). The undersigned further finds, as did the Alabama Court of Criminal Appeals, that Petitioner has not shown how he was prejudiced because his Attorney suppressed Byers's statement and decided not to call her as a witness.

Conner also claims his attorney should have discussed the decision not to call the witness with him. The Court notes:

> A lawyer shall abide by a client's decisions concerning the objective of representation, . . . and shall consult with the client as to the means by which they are to be pursued. . . . In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a

>     plea to be entered, whether to waive jury
>     trial and whether the client will testify.

Alabama Rules of Professional Conduct, Rule 1.2(a). The Alabama Court of Criminal Appeals has held that "[a]n attorney can only make recommendation to a client as to how conduct his defense; the ultimate decision, however, lies with the client." *Burton v. State*, 651 So.2d 641, 656 (Ala. Crim. App. 1993), *aff'd*, 651 So.2d 659 (Ala. 1994), *cert. denied*, 514 U.S. 1115 (1995).

The undersigned already found no merit in Petitioner's argument that his Attorney was ineffective for not calling Byers as a witness as no prejudice was shown. As such, Conner can demonstrate no prejudice in his Attorney's failure to consult with him about calling the witness. Any assertion otherwise is without merit.

Conner has asserted two particular instances of ineffective assistance of counsel in bringing this action. Both are without merit. Therefore, it is recommended that this habeas petition de denied, that this action be dismissed, and that judgment be entered in favor of Respondent, Cynthia D. Stewart and against Petitioner Willie Lee Conner.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied. 28 U.S.C. foll. §

2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court has found that Conner failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Conner cannot make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed. It is further recommended that

judgment be entered in favor of Respondent, Cynthia D. Stewart, and against Petitioner, Willie Lee Conner.  Finally, it is recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 7(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th

Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 13th day of September, 2016.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE