**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIE LEE CONNER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION 16-0273-WS-M** |
| | ) |
| **CYNTHIA D. STEWART,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER**

This closed habeas corpus matter comes before the Court on petitioner's Application for Certificate of Appealability (doc. 13).

By Order dated September 28, 2016, the undersigned dismissed Willie Lee Conner's § 2254 petition and made a specific finding that "any certificate of appealability filed by Petitioner be DENIED." (Doc. 10.) In conjunction with his ongoing appeal of the dismissal of his § 2254 petition, Conner now files an Application for Certificate of Appealability ("COA"). As grounds for this Application, Conner maintains that he is entitled to a COA with respect to his claim that he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, because his trial counsel failed to challenge the sufficiency of the evidence underlying his first-degree robbery conviction.

The facts underlying Conner's conviction are these: During an altercation with a home-improvement store's loss-prevention manager, Conner stated, "I have a gun," and reached his hand into his right front pants pocket. An ensuing search of Conner's person revealed no firearms; rather, he possessed only a roofing nailer (which he had stolen from the store) and a small folding knife. The gravamen of Conner's constitutional claim for which he seeks a COA is that his trial counsel failed to challenge the sufficiency of this evidence to support a first-degree robbery conviction under Alabama law. In particular, Conner fixates on the requirement that, in the absence of serious physical injury to another, a statutory element of the Alabama felony of first-degree robbery is that the defendant "[i]s armed with a deadly weapon or dangerous

instrument." Ala. Code § 13A-8-41.  Conner reasons that he did not actually possess a firearm and that no one has ever suggested that the roofing nailer or pocket knife were deadly weapons; therefore, he posits that he could not have been guilty of the offense of first-degree robbery as a matter of Alabama law.

The fundamental problem with Conner's theory of federal habeas relief is that Alabama appellate courts have held for decades that possession of a deadly weapon is not a prerequisite to conviction under § 13A-8-41.  By its express terms, the statute provides that "any verbal or other representation by the defendant that he is then and there so armed [with a deadly weapon], is *prima facie* evidence … that he was so armed." Ala. Code § 13A-8-41(b).  And the Alabama Court of Criminal Appeals has observed that "[t]he law is well settled that it is not necessary to prove that the defendant … actually had a weapon to sustain a conviction of robbery in the first degree. … [T]he accused need only represent *in some manner* that he has a deadly weapon." *Bennett v. State*, 584 So.2d 869, 870 (Ala.Crim.App. 1990); *see also Ex parte Ware*, 181 So.3d 409, 420 (Ala. 2014) (where State proceeded under § 13A-8-41(b), "proof beyond a reasonable doubt of the requirements prescribed by that subsection requires not merely that the victim subjectively believed that the defendant possessed a 'deadly weapon' or 'dangerous instrument,' but that he or she also 'reasonably ... believed' this to be true"); *Lucas v. State*, 45 So.3d 380, 384 (Ala.Crim.App. 2009) ("In a prosecution for first degree robbery, the robbery victim does not actually have to see a weapon to establish the element of force; his or her reasonable belief that the robber is armed is sufficient.") (citations omitted); *Pigg v. State*, 925 So.2d 1001, 1003 (Ala.Crim.App. 2005) ("the State produced sufficient evidence from which the jury could, by fair inference, find beyond a reasonable doubt that when the bank teller read the note containing the word 'kill,' she could have reasonably believed that Pigg had the necessary weapon to carry out his threats," so as to support a conviction for first-degree robbery); *Stallings v. State*, 793 So.2d 867, 869 (Ala.Crim.App. 2000) (rejecting sufficiency challenge to first-degree robbery conviction where bank teller never saw a gun, but "he believed the 'something' the appellant put in his side may have been a gun"); *Goodwin v. State*, 641 So.2d 1289, 1293 (Ala.Crim.App. 1994) (evidence held sufficient to support § 13A-8-41 conviction and specifically the deadly weapon element where defendant asked victim "is your life worth $40?" and victim believed robber was holding a gun, even though he was merely holding a stick).

Simply put, Alabama appellate courts have held time and time again that the deadly-weapon element of a § 13A-8-41 conviction is satisfied where the victim reasonably believed that the defendant possessed a deadly weapon, even if the defendant did not actually possess such an article. Under the facts presented to the jury in Conner's case, there was plainly sufficient evidence -- in the form of Conner's "I have a gun" statement and his reaching his hand into his pants pocket -- to allow the jury to find by fair inference that the loss-prevention manager reasonably believed that Conner possessed a deadly weapon. The Court understands, of course, that Conner believes the above-cited line of "well settled" Alabama case authorities to be wrongly decided and in conflict with the statutory language. In particular, Conner latches onto the "*prima facie* evidence" qualifier in the text of § 13A-8-41(b) and says that such evidence was rebutted by clear proof that he did not actually have a gun. Because the Alabama cases set forth *supra* do not address the "*prima facie* evidence" language in the statute, Conner maintains that those cases were wrongly decided and that it was error for the Report and Recommendation to rely on that line of authority.[1]

Of course, the constitutional claim that Conner asserts in his § 2254 petition is not that the Alabama courts misconstrued the first-degree robbery statute, but that his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment by failing to challenge the sufficiency of the evidence to support his conviction under that statute. To prevail on an ineffective assistance claim, Conner must satisfy the familiar two-part *Strickland v. Washington* test. Specifically, he "must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). The deficient-performance inquiry begins with "a strong presumption

---

[1]     As support for his position, Conner cites *Herndon v. State*, 563 So.2d 1065 (Ala. 1990), but *Herndon* actually undercuts his position. In *Herndon*, the defendant argued that he could not be guilty of first-degree robbery because the gun he used in the robbery was not loaded. The Alabama Supreme Court held that the unloaded status of a firearm was irrelevant for purposes of § 13A-8-41(b) "because that statute's concern is with whether any person present is led reasonably to believe it to be a deadly weapon or dangerous instrument." *Id.* at 1070-71 (internal quotation marks and emphasis omitted). In *Herndon*, as in all of the cases cited *supra*, the focus was on whether the victim reasonably believed the defendant to possess a deadly weapon, not whether the defendant actually did so; thus, *Herndon* dovetails neatly with the other cases recited herein indicating that the victim's reasonable belief that the defendant possessed a deadly weapon is all that is required to satisfy the deadly weapon element of § 13A-8-41.

that counsel's conduct falls within the wide range of reasonable professional assistance." *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013) (citation and internal quotation marks omitted).  To overcome that strong presumption, Conner bears the heavy burden of showing "that no competent counsel would have taken the action that his counsel did take." *Williams v. Allen*, 598 F.3d 778, 790 (11th Cir. 2010) (citation and internal quotation marks omitted).

As discussed *supra*, at the time of Conner's trial a phalanx of Alabama appellate decisions had decreed that it was unnecessary for the State to prove that a defendant actually possessed a firearm in order to support a first-degree robbery conviction, and that a § 13A-8-41 conviction was supported by sufficient evidence as long as the victim reasonably believed the defendant possessed a deadly weapon.  Conner's present contention that all of those Alabama appellate authorities were incorrectly decided does not come close to meeting his heavy burden of showing that no competent counsel would have failed to raise a sufficiency challenge attacking well-settled Alabama law in those circumstances.  *See generally Cave v. Secretary for Dep't of Corrections*, 638 F.3d 739, 755 (11th Cir. 2011) ("[c]ounsel cannot be labeled ineffective for failing to raise issues which have no merit"); *Holladay v. Haley*, 209 F.3d 1243, 1256 (11th Cir. 2000) ("In order to render effective assistance, counsel need not raise every possible nonfrivolous issue …. Instead, it is the job of counsel to weed out the weaker arguments.").  Stated differently, given the abundant Alabama appellate decisional authority upholding § 13A-8-41 convictions even in the absence of an actual deadly weapon as long as the victim reasonably believed that the defendant possessed such an item, it cannot be said that no competent counsel would have failed to argue that, despite numerous on-point Alabama decisions contrary to his position, the absence of an actual firearm required Conner's acquittal of the first-degree robbery charge as a matter of law.  At the time of his trial, Alabama appellate courts had definitively resolved this precise legal question adversely to Conner.  The Sixth Amendment does not require trial counsel to tilt at windmills or raise arguments that state appellate courts have consistently rejected (whether rightly or wrongfully) in order to fall within the wide range of competent performance guaranteed under *Strickland*.  As such, Conner has not established the "deficient performance" prong of the *Strickland v. Washington* test, and his ineffective assistance claim fails as a matter of law.

In short, the Court again concludes that issuance of a COA is unwarranted in this case. Conner has not made "a substantial showing of the denial of a constitutional right," including a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  For all of these reasons, as well as those set forth in the Report and Recommendation (doc. 7) previously adopted by the undersigned, the Court remains of the opinion that petitioner has not made a substantial showing of the denial of a constitutional right, and that issuance of a COA is unwarranted.  Accordingly, the Application for Certificate of Appealability (doc. 13) is **denied**.

DONE and ORDERED this 1st day of November, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE