IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE LEE CONNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION 16-0273-WS-M |
| ) | |
| CYNTHIA D. STEWART, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

     This closed habeas corpus matter comes before the Court on petitioner's filing styled "Rule 60(b)(6) Motion Actual Innocence Claim for Relief from Judgment" (doc. 17).

     Petitioner, Willie Lee Conner, was convicted of first-degree robbery, in violation of Alabama Code § 13A-8-41, in Baldwin County Circuit Court in April 2013. After his direct appeal and state postconviction remedies were exhausted, Conner filed a habeas petition in this District Court pursuant to 28 U.S.C. § 2254. In that petition, Conner asserted claims of ineffective assistance of trial counsel in two respects, to-wit: (i) failure to challenge sufficiency of the evidence, and (ii) denial of the right to confront his accuser. The central issues animating Conner's § 2254 Petition were whether the facts adduced at trial were sufficient to support a conviction under § 13A-8-41, and what (if anything) his lawyer should have done about it. Conner argued that he did not actually possess a firearm or other deadly weapon and that he therefore could not have been guilty of first-degree robbery as a matter of Alabama law.

     In both the Report and Recommendation (doc. 7) adopted by this Court (*see* doc. 10), and the Order (doc. 16) denying Conner's application for COA, the Court rejected Conner's ineffective assistance claim predicated on sufficiency of the evidence. In summary, the reasoning of these decisions was as follows:

> "Alabama appellate courts have held time and time again that the deadly-weapon element of a § 13A-8-41 conviction is satisfied where the victim reasonably believed that the defendant possessed a deadly weapon, even if the defendant did not actually possess such an article. Under the facts presented to the jury in Conner's case, there was plainly sufficient evidence -- in the form of Conner's "I

> have a gun" statement and his reaching his hand into his pants pocket -- to allow
> the jury to find by fair inference that the loss-prevention manager reasonably
> believed that Conner possessed a deadly weapon."

(Doc. 16, at 3.) Conner's appeal from the dismissal of his § 2254 petition remains pending before the Eleventh Circuit Court of Appeals today.

During the pendency of his appeal, Conner filed in this District Court what he labels a "Rule 60(b) Motion Actual Innocence Claim for Relief from Judgment." In this Motion, Conner rehashes various arguments about the sufficiency of the evidence to support his conviction under § 13A-8-41. These arguments have either previously been considered and rejected herein, or could have been raised in Conner's § 2254 petition but were not. As such, Conner's Rule 60(b) motion is both an appeal substitute and an attempt to obtain a second bite at the apple. Either way, the Motion is procedurally improper and is properly denied on that basis. *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008) (confirming that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("the well-recognized rule precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal"); *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").

Even if Conner's Rule 60(b) Motion were procedurally proper (which it is not), denial would remain appropriate on the merits. In his Motion, Conner disputes certain key facts underlying his conviction by denying that he ever said he had a gun or made any threats.[1] At trial, however, the jury heard testimony that directly contradicts the version of the facts now championed by Conner. A Foley police officer testified that, upon his arrest, Conner "did advise me that he was telling them that he had a gun." (Doc. 17, Exh. C at R-65.) And the Lowe's loss-prevention employee testified about Conner as follows: "He was pretty excited and saying, I have a gun. So I took it as a threat." (Doc. 17, Exh. D at R-79.) There was also testimony that,

---

[1] For example, Conner insists in his Rule 60(b) Motion that "in fact Conner never said he had a 'gun'" and the Alabama courts' determination otherwise "had no basis." (Doc. 17, at 11.) He also writes, "Conner 'never' resisted. Conner 'never' made any 'threats.'" (*Id.* at 3.)

as Conner was confronted by Lowe's personnel, "[h]e was saying, I have a gun, in a way, a threatening manner for me to back off of him." (*Id.* at R-94.) From this and other testimony presented at trial, a reasonable jury could have found Conner guilty beyond a reasonable doubt of the offense of first-degree robbery.[2] More to the point, in the context of Conner's § 2254 petition claiming ineffective assistance of counsel, it was not constitutionally deficient performance for Conner's trial counsel not to challenge the sufficiency of the evidence to support his conviction. The Rule 60(b) Motion is thus devoid of merit.

For all of the foregoing reasons, Conner's Rule 60(b) Motion (doc. 17) is **denied** as procedurally, factually and legally frivolous. The Court **certifies** that any appeal from this Order would not be taken in good faith; therefore, Conner will not be permitted to appeal *in forma pauperis*, and no Certificate of Appealability will be granted as to any issues raised in the Motion.

DONE and ORDERED this 5th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Indeed, the Lowe's loss-prevention employee further testified that, after being approached outside the store, Conner "stated he had a gun. At that time, you know, I put hands on him trying to bring him back into the store. He continued to struggle, we went down to the ground …." (Doc. 6-2, at R-70.) When asked what he thought Conner meant by his statement, the witness responded, "Um, that he had a gun. In my line of work, if somebody says they have any kind of weapon, I take it very seriously. They came into my store to commit a crime, so I have to assume that he has exactly what he says." (*Id.* at R-70.) When asked if he was in fear for his safety, the witness testified, "Once he said he had a gun, yes." (*Id.* at R-72.) The witness also clarified that at the time of Conner's "I have a gun" statement, Conner "was sticking his hand in his pocket." (*Id.* at R-78.) Contrary to Conner's assertions in his Rule 60(b) Motion, then, the jurors heard evidence that Conner in fact said he had a gun, that he had his hand in his pants pocket at the time, and that the victim reasonably perceived that statement to be a threat and reasonably believed that Conner was then armed with a deadly weapon.